The City of Cameron v. Middough.

---

CITY OF CAMERON, Respondent, v. B. F. MIDDOUGH, Appellant.

Kansas City Court of Appeals, March 26, 1894.

Municipal Corporation: REGULATION AND PROHIBITION. An ordinance set out in the opinion is *held* not to be a prohibition of dramshop and tippling houses, but simply prohibits the unlicensed sale of liquors, which is altogether different from prohibiting sales of liquors all together.

*Appeal from the Clinton Circuit Court.*—HON. WM. S. HERNDON, Judge.

AFFIRMED.

*Wm. Henry* for appellant.

(1) The board of aldermen of the city of Cameron had no power, by ordinance, to prohibit tippling houses or the sale of liquors; for municipal corporations have none of the elements of sovereignty, and can not go beyond the powers granted them, and must exercise such granted powers in a reasonable manner (*Corrigan v. Gage*, 68 Mo. 544; *City of St. Louis v. Webster*, 44 Mo. 550); and when a power is claimed by a city it must be held not to exist, unless there is a legislative grant in the charter conferring the power; for, with the exception of certain incidental powers which are necessary to carry out express grants, the charter itself must furnish the measure of authority to be exercised (*City of St. Louis v. Laughlin*, 49 Mo. 562); and the grant of power must be in express words, in order to its exercise, except as to those fairly implied in or incident to those expressly granted. *Knapp v. Kansas City*, 48 Mo. App. 485; *Sedalia Gaslight Co. v. Mercer*, 48 Mo. App. 651. (2) Where the validity of the act of a municipal corporation is in question, its authority must be sought in the municipal charter or statute defining municipal powers (Black on Intoxicating Liquors, sec. 220; 1 Dillon, Mun. Corp. [2 Ed.], 399, chap. 12, sec. 300); and any fair, reasonable doubt concerning the existence of the power is resolved by the courts against the corporation. 1 Dillon on Mun. Corp. [3 Ed.], sec. 89; *City of St. Louis v. Telephone Co.*, 96 Mo. 628; *Knapp v. Kansas City*, 48 Mo. App. 492; *Sedalia Gaslight Co. v. Mercer*, 48 Mo. App. 651. (3) The power to license and regulate dramshops and tippling houses, and regulate the sale of liquors, does not include the power to prohibit either dramshops, tippling houses or the sale of liquors.

Black on Intoxicating Liquors, sec. 227; *Sweet v. Wabash*, 41 Ind. 7; *Hill v. Comm'rs*, 23 Ga. 203; *Ex parte Reynolds*, 87 Ala. 138.

*Hiram Smith, Jr.*, for respondent.

The legislature enumerates a long list of those evils with which they expect the city to contend, giving them among other powers the power to provide for licensing dramshops and tippling houses and to regulate the sale of liquors under merchant's license or otherwise. R. S. 1889, sec. 1589. This gives them power and impliedly requires them to license dramshops, etc., where under the dramshop law they are entitled to a license. This also gives them authority and impliedly requires them to suppress the sale of intoxicating liquors, when sold otherwise than in accordance with the law. To take away such power from the board of aldermen, would require specific words to that end. But that there should be no question as to the scope of the legislative intent, they added to the enumeration above referred to the power "to pass such other ordinances for the regulation and police of said city and commons thereto appertaining, as they shall deem necessary; and to pass such ordinances not inconsistent with this article as may be expedient in maintaining the peace and good government, health and welfare of the city." * * * "And to enforce the same by fine and penalties and forfeitures not exceeding $100." Until the adoption of the local option law the city could only conditionally prohibit the sale of intoxicating liquors, for our statutes made its sale lawful under conditions. After its adoption, by the same power and for the same reasons, the city could prohibit its sale altogether, for the conditions originally existing were taken away by that

statute. In each case the ordinance as passed conformed to the state law as required by section 1902 Revised Statutes, 1889. If the city has authority thus to prohibit, it is conceded that the ordinance in question was properly passed. As to that power see Black on Intoxicating Liquors, 264; *Fortner v. Duncan*, 15 S. W. Rep. (Ky.) 55.

ELLISON, J.—Defendant was convicted in the mayor's court and afterwards, on appeal, in the circuit court, of having violated the following ordinance of the city of Cameron: "Section 3. Every person who shall keep any house, building, shed, shelter, booth or other premises, or any room or appartment in any such premises, within the city of Cameron, for the purpose of selling, bartering, giving away or drinking intoxicating liquors therein, or being in possession or control of any such premises within said city, shall permit intoxicating liquors to be therein sold, bartered, given away or drunk; or permit said premises to be used for the drinking of intoxicating liquors therein, or shall sell, barter, give away, or otherwise distribute intoxicating liquors in any such premises, or upon any street or alley or other public place within said city, shall on conviction thereof be fined in a sum not exceeding one hundred dollars; provided that the keeping of dramshops and the sale of intoxicating liquors by druggists and pharmacists under and within the provisions of the statutes of the state, shall not be deemed a violation of the foregoing section of this ordinance." The offense charged was that he kept a room in the city of Cameron for the purpose of selling, bartering or giving away intoxicating liquors and that he sold to the complainant whiskey and beer.

Cameron is a city of the fourth class and by section 1889, Revised Statutes, 1889, has "power by

ordinance to prevent and remove nuisances, to prevent, restrain, and suppress bawdy houses, gambling houses and other disorderly houses within the limits of said city or any commons thereto attached; to restrain and prohibit gambling; to provide for licensing and regulating dramshops and tippling houses, public shows, circuses, theatrical and other amusements, to the distance of one mile from the corporate limits of said city; to tax merchants, peddlers, and regulate the sale of liquors under merchants' license or otherwise, within the limits in this section prescribed;    *    *    * and to pass such other ordinances for the regulation and police of said city, and commons thereto appertaining, as they shall deem necessary; and to pass such ordinances, not inconsistent with this article, as may be expedient in maintaining the peace and good government, health and welfare of the city.'' It was admitted that Cameron had, prior to this prosecution, adopted the local option law.

Defendant's contention is that the city had no power to prohibit dramshops or tippling houses since the charter power is confined to regulating and licensing such places. Conceding that the language of the charter in the respect here considered, is not sufficient to empower the city to prohibit a dramshop or tippling house, we find that no attempt has been made by the ordinance in question to prohibit them, and defendant's contentions being based on this ground must fail. The ordinance in question, in effect, enacts that no place for the barter or sale of intoxicating liquors shall be kept or liquors sold in such place except by those authorized by the statutes of the state so to keep such place or sell such liquors. In the latter case there is no attempt at prohibition. The law making power of the city recognizing that. unlicensed places for the keeping and sale of intoxicating

liquors are places of disorder can very well determine to prohibit them. But prohibiting the unlicensed sale of liquors is an altogether different question from prohibiting such sales altogether. If there is any prohibition in the city of Cameron it is the result of the state local option law and not that of the ordinances of the city.

We have no disposition to controvert many of the propositions advanced by counsel for defendant, but we are of the opinion that they can not be fairly applied to this case. The judgment of conviction will be affirmed. All concur.