GEORGE T. VICE et ux., Appellants, v. CITY OF KIRKSVILLE.

Division Two, January 6, 1920.

1. CONSTITUTIONAL LAW: Title: Act of 1905: Relieving City of Liability for Negligence. The title to the Act of 1905 (Laws 1905, p. 93) "providing for the acquisition of waterworks systems by cities of the second, third and fourth classes" and "to pay therefor by the issuance of bonds which shall create no general or personal liability on the part of the city" did not indicate that a section was embedded in the body of the act exempting the city from all liability for "any alleged negligence in the operation of the waterworks plants," and therefore said section (Section 21) is void.

2. ————: ————: ————: ————: Nuisance. For conducting a private enterprise, such as the operation of a waterworks plant for the supply and sale of water to its citizens, in such a negligent way as to constitute a nuisance, a city is liable in damages to those injured thereby, in spite of the Act of 1905, Laws 1905, page 93.

3. ————: Exemption From Taxation: City Waterworks Bonds. A statute which exempts from taxation the bonds secured by a mortgage on a waterworks plant conducted by the city as a private enterprise, and not in its governmental capacity, is unconstitutional.

Appeal from Adair Circuit Court.—*Hon. James A. Cooley,* Judge.

REVERSED AND REMANDED (*with directions*).

*A. G. Knight* and *W. K. Amick* for appellant.

(1) The title of said Act of 1905 gave notice only that it was an act providing for the acquisitions of waterworks systems by cities of certain classes, and under certain charters, having certain populations, and a mode of paying therefor by the issuance of bonds and the like, and gave no notice, and not a word of warning or intimation, that such cities and waterworks commissioners would by this Section 21 be relieved of their negligence, and relieved from all acts of tort. This was in violation of Section 28 of Article 4 of the Constitution. Williams v. Railroad, 233 Mo. 677; State v. Burgdoerfer, 107 Mo. 30; State v. Great Western Coffee & Tea Co., 171 Mo. 643; Kansas City v. Payne, 71 Mo. 162; St. Louis v. Weitzel, 130 Mo. 616; State v. Distilling Co., 237 Mo. 103; State v. Gordon, 268 Mo. 713; State v. Fulks, 207 Mo. 26; St. Louis v. Wortman, 213 Mo. 131; State v. Rawlings, 232 Mo. 557; State ex. rel. Schofield, 41 Mo. 39; State v. Persinger, 76 Mo. 346; Witzman v. Railroad, 131 Mo. 617. (2) By the Constitution of Missouri, Article 10, Section 6, the property exempt from taxation is enumerated, and by Section 7 all laws excluding property from taxation other than the property above enumerated, shall be void, and bonds are not enumerated in Sec. 6, and therefore Sec. 9944, R. S. 1909, exempting waterworks bonds from taxation, is clearly void. State ex rel. St. Louis Co. v. Gordon, 268 Mo. 713; State v. Bengsch, 170 Mo. 81. The city is liable in this case. Stifel v. City of St. Louis, 181 S. W. 577, 579; Curran v. St. Joseph, 264 Mo. 656; Riley v. Independence, 258 Mo. 671; Benton v. St. Louis, 248 Mo. 98; Benton v. St. Louis, 217 Mo. 687; 129 Am. St. 561; Barree v. City of Cape Girardeau, 197 Mo. 382-389, 6 L. R. A. (N. S.) 1090, 114 Am. St. 763; Drake v. Kansas City, 190 Mo. 370-384, 109 Am. St. 759; Conner v. City of Nevada, 188 Mo. 148, 107

Am. St. 314; Ely v. City of St. Louis, 181 Mo. 723; Straub v. City of St. Louis, 175 Mo. 413; Rice v. City of St. Louis, 165 Mo. 636; Dammann v. St. Louis, 152 Mo. 186-196; Donahoe v. Kansas City, 136 Mo. 657; Fuchs v. St. Louis, 133 Mo. 168, 34 L. R. A. 118; Walker v. City of Kansas, 99 Mo. 647.

*Campbell & Ellison* and *A. Doneghy* for respondent.

(1) It will be readily conceded that the last subdivision of Section 21 of the Act of 1905, Laws 1905, p. 85, is null and void for the reason that it is in the teeth of Section 6, Article 10, of the Constitution. But it does not follow as a conclusion from such admission that the entire section is void, as the subdivisions are clearly divisible, and one does not depend on the other. The subdivision which makes the bonds non-taxable is clearly divisible from the one which exempts the city from negligence in the operation of the waterworks system. State ex rel. St. Louis v. Gordon, 268 Mo. 713. (2) The title of the act is amply sufficient to cover the provision exempting the city or board of water commissioners from negligence in the operation of the waterworks. The constitutional mandate in regard to the title of a statute does not require a table of contents as a caption to a law. It is sufficient if the title does not mislead as to the chief topic of the act, and that the minor features of it have a reasonable and natural connection with the subject named in the title. State ex rel. v. County Court, 128 Mo. 441; State ex rel. Garresche v. Roach, 258 Mo. 541; O'Connor v. Transit Co., 198 Mo. 622. (3) The subject of the Act is to provide for the acquisition of waterworks by cities, and the title contains only matters germane to the subject, and a provision in the Act exempting the City and the Board of Commissioners from negligence in the operation of the plant, is merely one of the incidents which the Legislature deemed expedient "for the preservation of its revenues," as set forth in the title. Authorities supra.

(4)   The demurrer was properly sustained for the rea-
son, if none other, that the law (at the time of the al-
leged injury) was that the city, in the operation of the
waterworks (which the petition discloses was part and
parcel of the fire department), was not engaged in an
imperative ministerial act for private corporate gain,
but in a discretionary governmental capacity for the
public good, health and safety. In 1909 the positive law
of the State declared the waterworks to be a public
utility. R. S. 1909, sec. 9914; Laws 1911, p. 352; Com-
monwealth v. City of Covington, 107 S. W. 231; Men-
del v. Wheeling, 28 W. Va. 233, 57 Am. Rep. 665; Cas-
sidy v. St. Joseph, 247 Mo. 197; Stater v. Joplin, 189
Mo. App. 383; McKenna v. St. Louis, 6 Mo. App. 320.

RAILEY, C.—This action was commenced in the
Circuit Court of Adair County, Missouri, on March 30th,
1917, by the filing of following petition, to-wit:

"Plaintiffs for their cause of action against the de-
fendant state the following facts:

"That the defendant, the City of Kirksville, at all
times in this petition mentioned and now is a municipal
corporation and body corporate under the laws of the
State of Missouri, and as such is entitled to sue and be
sued in the courts of this State, and as such municipal
corporation has the legal right to and does own real
and personal property, exercising the rights and fran-
chises and performing the functions, offices, duties, re-
sponsibilities and liabilities of municipal corporations
in this State, of the class to which said city belongs and
is and was at all times a city of the third class, operat-
ing a city government, known as the City of Kirksville,
and attempting to exercise the franchises, functions and
obligations of such city.

"That plaintiffs are husband and wife and are now
and were such at all times in this petition mentioned;
that they are the parents of Murle Vice, deceased.

"That said Murle Vice was the infant daughter of
the said George T. Vice and Musie L. Vice, plaintiffs,

and that said Murle Vice lost her life by drowning in one of defendant's reservoirs in and near the City of Kirksville, Adair County, Missouri, on the 2nd day of April, 1916, and that this suit is prosecuted to recover damages for the loss of the life of the plaintiffs' said child and daughter, Murle Vice, by said plaintiffs, as the parents, to-wit, the father and mother, of said Murle Vice, they being the persons entitled to sue under the laws of this State for the death of the said Murle Vice, caused as alleged by plaintiffs, by the carelessness and negligence of the defendant.

"That the said Murle Vice was a youth of tender years, to-wit, of the age of eleven years at the time of her death. That on the said 2nd day of April, 1916, and long prior thereto, the defendant was the owner and in possession of a certain plot or body of ground, consisting of about five acres, situated about two miles northwest of the center of said City of Kirksville, which was used in a general way as a water plant or part of a water system which was used in the pumping, retaining, clarifying and furnishing of the water and water supply for said city. Said water plant, in addition to being used by said city for fire protection and city purposes, was likewise used, at all times in this petition mentioned, as a private water system and private business enterprise in a proprietary capacity in furnishing water for private consumers for domestic and commercial purposes and to its private citizens, at a stipulated price and water rental, which said private use and proprietary employment yielded said city large sums of money and large income and revenues derived in that manner, and for such use and source and income. That said plot of ground had located thereon a pumping station, and a large reservoir or retaining basin into which the water was pumped by the defendant, connected with other wells and basins and reservoirs which were used for clarifying, and in which the water was treated chemically and piped from one reservoir to others, which said reservoirs, basins and wells were made in the ground

and lined, curbed and walled with cement; that one of said reservoirs or basins was called a coagulating reservoir or dead water basin or bin; that the same was practically square and forty or fifty feet across either way and about eight or ten feet in depth and walled with a smooth cement wall sloping slightly to the inside thereof; that said premises was located between the right of way of the Quincy, Omaha & Kansas City Railroad Company on the north side thereof, and the public road running east and west on the south side of said premises; that said premises were unenclosed and were so constructed as to be inviting to children and other persons visiting said premises, and was dangerous to the lives of children frequenting said premises, as well as other persons.

"That plaintiffs' daughter was drowned in what was known as said coagulating reservoir or dead water basin or bin, which will hereafter be designated as the dead water basin.

"That said premises were frequented by many people of said city and others as an outing resort and place of pleasure and amusement and was open to the public and much used and frequented by the public—men, women and children—and was so known to the defendant, and had been so frequented, visited and used long prior to the said 2nd day of April, 1916, and the defendant, its officers, agents and servants had full knowledge of such uses and habits as hereinbefore alleged and stated. That said reservoirs and water basins and walls on said premises were practically level with the top or surface of the ground and were unprotected and unguarded, and had no walls, fences, guards or other protection to prevent children and others from falling therein, although much used and frequented by children and others, as hereinbefore stated, and was so known to be by the defendant, or by the exercise of ordinary care and diligence on the part of the defendant, could have been so known and understood. That there were no lad-

23—280 Mo.

ders or other means of escape provided, against the walls of said basin or wells, and no means of affording escape to anyone falling therein or in any manner getting into said basin or being precipitated therein; that the maintaining of such premises as aforesaid, was carelessness and negligence on the part of defendant, and the defendant, on said 2nd day of April, 1916, and long prior thereto, carelessly and. negligently maintained said premises in said dangerous and unsafe condition, and so maintained said basin in such careless and negligent manner aforesaid, and in such dangerous, unguarded and unprotected condition, as aforesaid, so as to constitute the same a pitfall and a nuisance in law, making the same both a private and public nuisance, dangerous to the lives of those frequenting or going upon said waterworks grounds, as aforesaid, and the same was at all times in this petition mentioned, known by the defendant to be in said unsafe and dangerous condition, as aforesaid, and to be both a private and public nuisance, which was attractive to children and attracting and inducing children thereto, which was dangerous to the lives of those going upon and frequenting said premises, as aforesaid.

"That on said 2nd day of April, 1916, the deceased, Murle Vice, in company with another little girl of tender years, visited said water plant, and said dead water basin on said premises, and while being and playing about said basin, which as aforesaid, was attractive and inviting to children, said Murle Vice fell into said dead water basin, without legal negligence on her part, and was then and there drowned. That the drowning of said child was occasioned and caused by the carelessness and negligence of the defendant in permitting said premises to be unguarded and said basin to be unprotected, without guards and other protection to protect children of tender years and others from falling therein, and by reason of the defendant providing no means of escape from said basin, as aforesaid, and by reason of said premises being dangerous to the lives of those frequent-

ing and going upon said premises, as aforesaid, and by reason of said premises being conducted and maintained by the defendant as a public resort and park, as aforesaid, and by reason of the maintenance of said basins and premises in a dangerous condition, as aforesaid, so as to constitute in law a private and public nuisance, as aforesaid.

"Wherefore and by reason whereof, the deceased, the said Murle Vice, lost her life by drowning and being drowned by the carelessness and negligence of the defendant.

"That the death of the deceased was not occasioned by the operation of said water plant at the time of said death by pumping water to said city, and that the operation of said plant at the very time of the death of the deceased was not the proximate cause of deceased's death, but plaintiffs aver that the cause of deceased's death was the negligent and careless maintenance of said premises, as aforesaid, so as to constitute a nuisance, as aforesaid, and the careless and negligent maintenance of said water basin in said unguarded and unprotected condition, and of the use of said premises, and permitted use thereof, as hereinbefore stated, and the maintenance of said premises in said dangerous and negligent manner, as aforesaid, and was not occasioned in the act of operating the water plant for the purposes of its use, but only by the maintenance of the premises and its instrumentalities aforesaid, and not by the use of said plant in its entirety.

"Wherefore plaintiffs say they, as the parents of the said Murle Vice, are entitled to bring this suit and have hereinbefore stated their cause of action for the careless and negligent death of their said child, and that they have been damaged in the sum of ten thousand dollars, for which they ask judgment, and that they recover their costs in this behalf laid out and expended."

Defendant filed a general demurrer to said petition, which, without caption, reads as follows:

"Comes now the above named defendant and demurs to the petition filed in said cause, and for reasons says: Said petition does not state facts sufficient to constitute a cause of action."

The following proceedings were had, in respect to said demurrer, on June 1, 1917:

"Now at this day come the parties plaintiffs with their attorneys, and defendant by its attorneys, and defendant's demurrer coming on to be heard, the same is taken up, duly considered by the court and sustained.

"Thereupon, the plaintiffs declining to plead further in this cause, judgment is by the court entered herein in favor of the defendant.

"It is therefore considered, ordered and adjudged by the court that the plaintiffs take nothing by their said suit and that the defendant go hence without day and have and recover of and from the plaintiffs the costs herein laid out and expended and that execution issue therefor."

From the judgment aforesaid, plaintiffs appealed the case to this court.

I. It is manifest from the record and briefs of counsel that the trial court sustained the demurrer to plaintiffs' petition on the ground that Section 21 of the Act of 1905, Laws 1905, page 93, exempted defendant from liability on the facts disclosed in the petition. Appellants challenge the constitutionality of said section, on the ground that it is violative of Section 28 of Article 4 of the Constitution 1875 of Missouri, in this, that the provisions of said section are not covered by the title of the act. The latter reads as follows:

"AN ACT providing for the acquisition of water-works systems by cities of the second, third and fourth classes, and cities operating under special charter, having three thousand and less than thirty thousand inhabitants; and to pay therefor by the issuance of bonds which shall create no general or personal liability on the part of the city, but which shall be secured only by

the property composing the waterworks system, together with the revenues arising therefrom; and providing a method for the payment of such bonds and the right to continue the operation of such waterworks system after default and foreclosure; and providing for a board of waterworks commissioners to manage and control the waterworks system so acquired, and for the preservation of its revenues, and exempting such waterworks system from levy and sale under execution and taxation, except as provided herein, with an emergency clause."

Section 21 of said act reads as follows:

"Sec. 21. The city shall not be held liable in any suit at law or in equity on account of any alleged negligence in the operation of the waterworks plant, but the city and the board of waterworks commissioners and the property of the waterworks system shall be exempt from any such liability; and said waterworks system, while owned and operated by the city, and the bonds given to pay the purchase price thereof, shall be exempt from taxation, as provided by Section 6 of Article X of the Constitution of this State."

Section 28 of Article 4 of our Constitution, provides that: "No bill . . . shall contain more than one subject, which shall be clearly expressed in its title."

It is evident that the framers of the Constitution, in the enactment of Section 28, supra, were attempting to guard the people of our State against fraudulent, misleading and improper legislation, by providing that the title to the act should indicate in some way, the kind of legislation that was to be had thereunder. The members of the General Assembly may have been in favor of allowing cities of the second, third and fourth class to own and operate a system of waterworks, yet, may not have been willing that such municipalities should be turned loose to operate and carry on said business as any other private owner, and be permitted to construct public and private nuisances, while engaged in said business, without being liable, in any case, to those who

suffer an injury thereby. In other words, the Legislature might be willing to exempt the municipalities from liability while its employees were pursuing purely governmental functions, and unwilling to do so, when they were not so engaged.

Would any intelligent person reach the conclusion, from reading the above title, that there was any indication therein that the former rulings of the courts would be disregarded, and the municipality, in a case where it was proceeding as a private owner of the waterworks, be relieved from liability on account of its negligence and the creation of a nuisance? Leaving out of consideration Section 21, supra, and taking the law as it had been declared for many years by this court, the petition would have stated a cause of action. [Stifel v. St. Louis, 181 S. W. l. c. 579, and cases cited; Lamar v. Bolivar Special Road Dist., 201 S. W. 890.] These two cases very clearly point out the distinction between the exercise of a governmental function and one conducted by the municipality as a private enterprise. We can conceive of no good reason, either in law or morals, for exempting cities of the second, third and fourth class from liability on account of their negligence in operating waterworks (while not engaged in the exercise of governmental functions), which should not apply with equal force to cities of the first class, or other cities outside of the three classes exempted by Section 21. In view of the foregoing, the title to above act should be carefully considered in connection with Section 21, in passing upon the constitutionality of the latter.

We are driven to the inevitable conclusion, from reading the above title and Section 21, in the light of the other matters referred to, that Section 28 of Article 4 of our Constitution has been utterly ignored and entirely disregarded in the enactment of said section; that no intelligent consideration of the title, would have led any reasonable mind to understand that the former laws of the State, sustaining a recovery, were being brushed

aside, and an unheard of exemption substituted in their place. We are, therefore, of the opinion that Section 21 supra, cannot stand the test of judicial criticism and by reason thereof should be declared unconstitutional. [State ex rel. Greene County v. Gideon, 210 S. W. 1. c. 360, and cases cited; Hardware Co. v. Fisher, 269 Mo. 1. c. 277-8, 199 S. W. 576; State ex rel. v. Gordon, 268 Mo. 1. c. 732-3, 188 S. W. 160; State v. Sloan, 258 Mo. 1. c. 313-4; State ex rel. v. Revelle, 257 Mo. 529; State v. Distilling Co., 237 Mo. 103; State ex rel. v. Gordon, 233 Mo. 1. c. 387-8; Williams v. Railroad, 233 Mo. 1. c. 677; State v. Rawlings, 232 Mo. 557; St. Louis v. Wortman, 213 Mo. 131; State v. Fulks, 207 Mo. 1. c. 33; State v. Great Western Coffee & Tea Co., 171 Mo. 1. c. 643; Witzmann v. Railroad, 131 Mo. 617; City of Kansas v. Payne, 71 Mo. 1. c. 162; Cooley's Constitutional Limitations (7 Ed.), p. 205; Mengel Box Co. v. Fowlkes, 186 S. W. (Tenn.) 91; National Surety Co. v. Murphy-Walker Co., 174 S. W. (Tex.) 997; Burton v. Monticello & Burnside Turnpike Co., 173 S. W. 144.]

a. It is conceded by counsel for respondent that the last clause of Section 21, supra, violates Section 6 of Article 10 of our Constitution, in respect to the bonds mentioned therein being exempt from taxation. [State ex rel. v. Gordon, 268 Mo. 713, 188 S. W. 160.]

II. Having heretofore reached the conclusion that Section 21 of the Act of 1905 is unconstitutional and void, does plaintiffs' petition state a cause of action?

It does not undertake to state a cause of action against defendant based upon any negligent acts committed by it while performing a governmental function, but predicates a right of recovery upon the illegal and wrongful acts of defendant in the construction and maintenance of a public and private nuisance as the owner of the water plant, by reason of which, appellants' child lost her life. The petition may not be termed a model pleading; yet it contains all the averments that are nec-

essary to constitute a cause of action when challenged by demurrer.

The judgment of the trial court is in conflict with the conclusions reached by us. We accordingly reverse and remand the cause, to be proceeded with, in conformity to the views heretofore expressed.

*Mozley* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of RAILEY, C., is hereby adopted as the opinion of the court. All of the judges concur.