BENJAMIN R. BERRY, A Minor, by Next Friend, v. MAJESTIC MILLING COMPANY, Appellant.

Division Two, July 17, 1920.

1. **CONSTITUTIONAL QUESTION: How Raised.** An answer which calls attention to a specific act of the Legislature and complains that said act "under which plaintiffs seek to recover herein" is unconstitutional, sufficiently designates the section of the act at which the objection is aimed. The plaintiff need not be told what section he was proceeding under, nor did the court need any additional specification.

2. ————: **How Kept Alive.** Where the constitutional question has been sufficiently raised by the answer, it is kept alive by an objection by defendant to the introduction of testimony on the ground that "the petition fails to state a cause of action," and by a request for an instruction that under "the pleadings and evidence" the verdict must be for the defendant, and by motions for a new trial and in arrest charging that the court erred in refusing to sustain the objection to the introduction of testimony under the petition for the reason the statute under which the petition was drawn was contrary to a certain section of the Constitution.

Berry v. Majestic Milling Co.

3. **CONSTITUTIONAL LAW: Title: Prohibition and Regulation.** Where the title to an act purports to regulate the employment of children of designated ages a section in the body of the act which prohibits the employment of such children is invalid.

4. ———: ———: **Children: Employment in Roller Mill.** The title to the Act of 1911, Laws 1911, page 132, expressed as its purpose the "prohibiting, with exceptions, the employment of children under 14 years of age, and regulating the employment of children between 14 and 16 years of age." Section 1726b of the act prohibited the employment of children under 16 years of age in operating or assisting in operating roller mill machinery. *Held*, that the subject-matter of said section was not clearly expressed in the title, and the section is not constitutional, and a judgment for damages for injuring a boy fifteen years of age employed in a roller mill cannot be grounded on a violation of said section. The title clearly indicates that children under fourteen years of age would be prohibited by the act from certain employments and would be permitted to engage in other employments, and that children between 14 and 16 years of age would not be prohibited from any employment, but their employment would be regulated.

Appeal from Stone Circuit Court.—*Hon. Fred Stewart,* Judge.

REVERSED.

*John T. Moore, Carr McNatt* and *John L. McNatt* for appellant.

The Act of 1911, entitled "Schools, Compulsory Attendance of Children," and especially Sec. 1726b, Laws 1911, p. 136, is void, as said act contains more than one subject and the purpose of same is not clearly expressed in its title; in violation of Art. 4, Sec. 28, Mo. Constitution. State v. Clark, 54 Mo. 34; Kansas City v. Payne, 71 Mo. 162; State v. Burddoerfer, 107 Mo. 1; State v. Carr, 142 Mo. 611; State. v. Coffee Co., 171 Mo. 634; Witzman v. Railway Co., 131 Mo. 618; Williams v. Railway Co., 233 Mo. 666; State ex rel. v. Revelle, 165 S. W. 1084; State ex rel. v. McGannon, 111 Mo. App. 632.

*I. V. McPherson, James A. Potter, Rufe Scott* and *W. E. Renfro* for respondent.

(1)    The constitutional question argued by appellant was never properly raised in the trial court. An examination of the act referred to will show that it covers six pages of legislation and contains twenty-one different sections. No allegations of defendant's answer challenges the constitutionality of Section 1726b, under which this suit is brought. Appellant admits that a portion of the act is valid, and this court has frequently held that one portion of an act may be valid while another portion is invalid. In considering a constitutional objection to such a statute counsel are not permitted to make a general assault on the entire act, where the real claim is that only a certain section is invalid. For example, this court has held that a general allegation that a law violates Section 53 of Article 4 of the Constitution is insufficient because it fails to point out which one of the sub-sections of Section 53 is involved. State v. Christopher, 212 Mo. 244; State ex inf. v. Southern, 265 Mo. 284. Since it is admitted that certain sections of the act under consideration are valid, it was clearly incumbent upon the appellant to specifically point out to the trial court which section it claimed was unconstitutional, and having made a general assault upon twenty-one different sections in the trial court, it cannot now be permitted to contend that the trial court erred in its ruling upon a particular section which was not called to the court's attention. (2) But if it be granted that appellant raised a constitutional question in its answer, such question was waived and abandoned by the appellant at the trial. No further reference to the unconstitutionality of the act than that contained in defendant's answer was made in the whole course of the trial. No decision by the court as to the constitutionality of the act in question was asked by the appellant nor made by the court. The court had no opportunity to de-

cide and it did not decide that the act was constitutional. If appellant, by its objection, or by its demurrer to plaintiff's evidence, or by its assignment of error number 6 in its motion for a new trial, intended to invite the court's decision on the constitutionality of the act, then the Supreme Court has denounced its method of procuring the trial court's decision as an "ambush," permissible in war, but never allowable in a court of justice, in procuring a decision on so grave a matter as a constitutional provision. Lohmeyer v. Cordage Co., 214 Mo. 688; Vansandt v. Hobbs, 153 Mo. 656; Browning v. Powers, 142 Mo. 324; Miller v. Connor, 250 Mo. 684; Bennett v. Railroad, 105 Mo. 645; Brown v. Railroad Co., 175 Mo. 188. To hold that a constitutional question is involved and to have that question tried on this appeal by an appellate court is to review questions never decided by the trial court, and to convict the trial court of error is to find him guilty of error upon a decision not made. St. J. v. Life Ins. Co., 183 Mo. 1; Ash v. Independence, 169 Mo. 79; Kirkwood v. Highlands Co., 160 Mo. 118. "To give the Supreme Court jurisdiction on the ground that a constitutional question is involved, it must appear that such question was actually involved and that the trial court had an opportunity to and actually did pass upon it." Baldwin v. Fries, 103 Mo. 286; Shell v. Mo. Pac. Ry., 202 Mo. 339; Shewalter v. Mo. Pac. Ry., 152 Mo. 551; Ash v. Independence, 145 Mo. 120; Parlin & Orendorff Co. v. Herd, 145 Mo. 119; Hardin v. Carthage, 171 Mo. 444. (3) If the portion of the act upon which plaintiff's petition is based, is within the title or germane to the title, then it is immaterial that other subjects not embraced within the title, are included in the act. In such a situation the appellant would have no complaint in the present case. A portion embraced in the title would be valid and the remainder invalid. St. Louis v. Transfer Co., 256 Mo. 496; State v. Rawlings, 232 Mo. 544. This court in passing upon the question must take into consideration not only the

Act of 1911, but must also take into consideration the sections there referred to in the Revised Statutes of 1909 and also the original act covering the employment of children as found in Laws of 1907 beginning at page 86. The title to the original act of 1907 is substantially the same as the title to the act of 1911. The title to the Act of 1907 has been expressly upheld by this court so that the question now presented to this court has long since been settled. Stricklen v. Printing Co., 249 Mo. 621. The title to the Act of 1911, when considered in conjunction with the title to the Act of 1907 and the title to the acts contained in Revised Statutes 1909, is as clear and complete an index to the body of the act as it is possible to express in the English language. The real subject of all the acts is the employment of children. All of these acts regulate the employment of children. Some parts of each act prohibit the employment of certain children in certain industries, and permit their employment in other industries under certain conditions. Regulation of the employment of children under certain ages clearly implies the power to prohibit their employment in certain hazardous industries and to prescribe rules and regulations for their employment in non-hazardous industries. This is all the act in question seeks to do. When the title to an act indicates that it covers the subject of the employment of children under certain ages, it clearly notifies the public that the Legislature has acted upon the subject of the employment of children, and is notice to the public to examine the contents of the law to determine what those regulations are. The act in question is one of a series of acts passed in the development of this legislative policy to protect children and it should not be held unconstitutional unless it clearly and undoubtedly violates some specific provision of the Constitution. State v. Helton, 255 Mo. 181. (4) Appellant contends that because the title declares the purpose to be among others to "regulate" the employment of children between 14 and 16 years of age, Section 1726b is broader than the title, because it prohibits the employment of such children, in

certain avocations deemed unusually hazardous. But this court has ruled that to prohibit is to regulate and that to regulate is to prohibit in a limited sense; that they are convertible terms, as used in the title and in the bill. St. Louis v. Russell, 116 Mo. 251; Cameron v. Middaugh, 57 Mo. App. 316; State v. Wright, 20 Mo. App. 412; Tarkio v. Cook, 120 Mo. 1. The subject of the act in question as expressed in the title, is "The Employment of Children." The section in question deals only with that subject. Under the decisions any provision of the act which has a natural connection with the subject expressed or with the employment of children, is included within the title. State ex rel. v. Gorden, 260 Mo. 639; Ewing v. Oblitzelle, 85 Mo. 71; State ex rel. v. Gorden, 261 Mo. 639-640; State ex rel. v. Vandiver, 222 Mo. 219; State v. Miller, 45 Mo. 479; State ex rel. v. Miller, 100 Mo. 439; State v. Morgan, 112 Mo. 202. An act is not unconstitutional because it deals with more than one phase of the same subject. Here, the subject is the " employment of children" and anything relating thereto is proper. Elting v. Hickman, 172 Mo. 237, 251; State v. Bixman, 162 Mo. 116; St. Louis v. Weitzel, 130 Mo. 614; State v. Deering, 194 Mo. 408; O'Connor v. Transit Co., 198 Mo. 633; State ex rel. v. Jocky Club, 200 Mo. 56; State v. Broadnax, 228 Mo. 25; State ex rel. v. Williams, 232 Mo. 75; State v. Cantwell, 179 Mo. 260.

WHITE, C.—The plaintiff recovered a judgment in the Circuit Court of Lawrence County, in the sum of $5,000 for injuries received while employed by the defendant. The case was appealed by the defendant to the Springfield Court of Appeals and by that court transferred to this court because a constitutional question was involved.

The petition alleges that the defendant, who sued by next friend, was a minor under the age of sixteen years, to-wit, 15 years of age; that he was employed by

the defendant, unlawfully, to work at operating and to assist in operating the defendant's "roller mill machinery," contrary to the law which prohibits the employment of any child under sixteen years of age in operating or assisting in operating such machinery used in grinding mills; and that while plaintiff was so employed his hand was caught and drawn between the rolls of "said grinding corn mill" and was so crushed that the fingers of his right hand had to be amputated.

There was a second count in the petition based on common law negligence, but that was dismissed.

After a general denial the answer of the defendant specifically denies that the defendant at any time violated any law, "but avers and alleges the facts to be that the law attempting to prohibit the employment of minors as set forth in the Act of the Legislature, approved April 7, 1911, and entitled, 'Schools, Compulsory Attendance of Children,' as found in Session Laws of 1911, page 132, and under which the plaintiff seeks recovery herein, is null and void and of no effect, for the reason that the same was attempted to be passed and enacted by the Legislature of Missouri, in violation of Article IV, Section 28, of the Constitution of Missouri, in that said act contains more than one subject and the purposes thereof are not clearly expressed in its title."

The answer then alleges contributory negligence. The reply was a general denial.

Evidence was introduced by the plaintiff to sustain the allegations of the petition in regard to the nature of the employment and the injury.

The defendant also introduced evidence upon its theory of the case. For the purpose of determining the case this evidence need not be set out.

It was admitted that the plaintiff was fifteen years of age, and that the injury occurred while he was employed by the defendant in assisting to operate a corn mill.

I. The jurisdiction of this court is questioned by the respondent. Many authorities are cited in illustrating the conditions under which a constitutional question presented in the record will give this court jurisdiction. A specific section and article of the Constitution must be pointed out, the question must be timely raised, it must be kept alive, the constitutional question must be passed upon by the trial court and ruled adversely to the appellant.

*Raising Constitutional Question.*

It is asserted by the respondent that while the particular section of the Constitution is pointed out, the particular section of the statute is not designated in that part of the answer raising the constitutional question copied above. The answer calls attention to the Act of 1911, and complains that the law *"under which the plaintiff seeks to recover herein"* is unconstitutional. This sufficiently designates the section of the statute at which the objection is aimed. The plaintiff did not need to be told what section he was proceeding under, nor, would the court need any additional specification.

It is further claimed that the question was not kept alive. Before any evidence was introduced the defendant objected to the introduction of any evidence because "the *petition* fails to state the cause of action in the first count," which raised the constitutional question. The defendant at the close of the evidence asked an instruction to the effect. that under the *"pleadings and the evidence"* the verdict should be for the defendant, which was refused. Both the motion for new trial and the motion in arrest of judgment allege that that court erred in refusing to sustain the objections made by defendant to the introduction of any testimony under the first count of the petition for the reason that the statute under which the first count was drawn was contrary to Section 28, Article IV, of the Constitution of Missouri. It does not appear from the record what oral arguments were made in support of defendant's objection to the

evidence or in support of the instruction asked at the close of the evidence. It may be presumed that in those arguments the attention of the court was specifically called to the constitutional question. At any rate we think the record sufficiently shows that the question was kept alive, and was ruled on by the trial court in overruling the objection to the introduction of the testimony in refusing the instructions mentioned, and in overruling the motions for new trial in arrest of judgment.

II. The appellant claims the section of the act under which this suit is brought is unconstitutional in that the title to the act does not clearly express the subject considered by that section. The title to the act is as follows:

*Title.*

"SCHOOLS: Compulsory Attendance of Children.

"AN ACT to repeal sections 1715, 1716, 1717, 1718, 1719, 1720, 1721, 1722, 1723, 1724, 1725 and 1726 of Article 5 of chapter 20 of the Revised Statutes of Missouri of 1909, pertaining to 'Employment of children,' and to enact in lieu therefor sections to be known as sections 1715, 1716, 1717, 1718, 1719, 1720, 1721, 1722, 1723, 1724, 1725, 1726, 1726a, 1726b, 1726c and 1726d, *prohibiting, with exceptions, employment of children under fourteen years of age, and regulating the employment of children between fourteen and sixteen years of age,* providing for the issuance of employment certificates for children between fourteen and sixteen years of age and prescribing penalties for violations thereof, and to amend sections 10897 and 10907 of the Revised Statutes of Missouri of 1909, by striking out parts thereof, and to repeal sections 4744, 4745, 10903 and 10904, 10910, 10913, 10914, 10915 and 10916 of the Revised Statutes of Missouri of 1909."

The sections repealed by the act were contained in the Act of 1907, the title to which is as follows:

"CHILDREN: Employment of.

"AN ACT entitled an act to regulate the employment of children in gainful occupations, when such

children are under the ages of 14 and 16 years. Declaring the violation of certain sections a misdemeanor, and providing penalties for the violation thereof.'' This suit is brought under Section 1726b, page 136, Laws of 1911, as follows:

''Section 1726b. *Children under the age of 16 not to be employed in certain occupations.*—No child under the age of sixteen years shall be employed, permitted or suffered to work at any of the following occupations or in any of the following positions: Sewing machine belts in any workshop or factory, or assisting therein in any capacity whatever; adjusting any belt to any machinery; oiling, wiping or cleaning machinery or assisting therein; operating, or assisting in operating circular saws; wood jointers; wood shapers; planers; sandpaper or wood-polishing machinery; picker machines; machines used in picking wool; machines used in picking cotton; machines used in picking hair; machines used in picking upholstering material; paper-lacing machines; leather-burnishing machines; burnishing machines in any tannery or leather manufactory; job or cylinder printing presses, operated by power other than foot power; emery or polishing wheels used for polishing metal; wood-turning or boring machinery; stamping machines used in washer and nut factories; corrugating rolls, such as are used in roofing and wash-board factories; steam boilers; steam machinery; or other steam generating apparatus; dough brakes; or cracker machinery of any description; wire or strengthening machinery; rolling mill machinery, punches or shears; washing, grinding or mixing mills; calender rolls in rubber manufacturing; laundering machinery.''

Many cases have arisen in this court in which the body of the act has been held unconstitutional because varying from the purpose expressed in the title. [State v. Fulks, 207 Mo. 26, l. c. 33 to 39; Vice v. City of Kirksville, 217 S. W. 77, l. c. 80; Williams v. Railroad, 233 Mo. 666, l. c. 675-680; State v. Sloan, 258 Mo. 305, l. c. 311;

Hardware Co. v. Fisher, 269 Mo. 271; State er rel. v. Gordon, 268 Mo. 713, l. c. 730-733; State ex rel. Greene County v. Gideon, 210 S. W. 358.]  The above cases are cited as illustrating how closely this court has held the Legislature to comformity to the Constitution in *clearly* expressing in the title the purpose of the enactment.

The following cases are more nearly in point in this case.  In State v. Burgdoerfer, 107 Mo. l. c. 17, where the title of an act stated the subject to be to *prohibit* book-making and pool-selling and the body of the act purported to *regulate* book-making and pool-selling, the act was held unconstitutional.  The court said, l. c. 17: "Does this act *prohibit* or *regulate* book-making and pool-selling?  If it is one of prohibition, and this is clearly expressed in the title, the act is valid.  On the other hand, if it is one of regulation, the act is invalid."

Likewise it is held that authority to *regulate* does not authorize *prohibition*.  The case of State v. Clarke, 54 Mo. l. c. 34, has this statement in regard to the word *"regulate"*.  "It certainly implies the continued existence of the subject-matter to be regulated."

The latest expression of this court upon the subject is State v. Crites, 209 S. W. 863, where the title of the act provided for certain regulation of legislative agents who were retained or employed for compensation to promote or oppose the passage of bills by the Legislature.  A part of one section in the body of the act prohibited any person from accepting any employment for a compensation contingent upon the passage or defeat of any legislative measures.  It was held that the part of the act under consideration was unconstitutional because it prohibited acts "which the title indicates are perfectly lawful."  As indicating that regulation set out in the title as the subject of the act will not authorize prohibition, see also Railroad v. Drainage District, 237 Mo. 86; State ex rel. v. Revelle, 257 Mo. 529; City of Kansas v. Payne, 71 Mo. 159, l. c. 162; Hardware Co. v. Fisher, 269 Mo. 271, l. c. 276-77.

The respondent cites some authorities stating a rule to the effect that where the Constitution or organic law authorizes a *regulation,* the Legislature or a municipal assembly may *prohibit.* It is possibly true that under the implied powers authorized by the Constitution a legislative body may have some latitude in carrying out the purposes of the authority given. Such cases would not be in point here. This is not a question of the Legislature carrying out its general powers granted in the Constitution, but it concerns the *manner* of enacting a statute where the Constitution requires that the subject of the act shall be *"clearly expressed"* in the title. There is no room for construction as to implied or doubtful authority where it must be clearly expressed. Respondent cites City of St. Louis v. Russell, 116 Mo. 248; City of Cameron v. Middough, 57 Mo. App. 312; City of Tarkio v. Cook, 120 Mo. 1. In such cases where the title of an act stated the subject to be the regulation of livery stables, or peddlers, or billard halls, it was held that the body of the act which prohibited the operation of any such business in certain localities but allowed their operation elsewhere was constitutional; that such restriction *was* regulation and not prohibition. To prohibit livery stables from being maintained on certain streets while allowing them to be operated on other streets comes strictly within the definition of the term regulation.

The title of the Act of 1911, which repeals certain sections of the original act and enacts other sections in lieu of them, expresses the purpose as one *"prohibiting, with exceptions,* the employment of children under 14 years of age, and regulating the employment of children between 14 and 16 years of age."* These words clearly indicate that children under 14 years of age would be prohibited from certain employments and would be permitted to engage in other employments, while those between 14 and 16 years of age would not be

prohibited from any employment but their employment would be *regulated*.

Section 1726b would be in strict accordance with the title if it applied to children under 14 years of age, but the clear statement in the title would indicate that it could not include children between 14 and 16 years of age. If it merely regulated the employment of children between 14 and 16, it would come within the title, but it prohibits their employment in certain factories altogether.

The *regulation* of the employment of children might very properly prohibit them from working more than certain hours in a day or week, or prohibit their employment except during particular specific hours in a day, or prohibit their employment except upon a certain certificate in relation to their attendance at school, and other matters; their ability to read the English language; their condition of health and physical ability to perform the work, or their employment to sell papers in certain public places. All of that would be regulation of the same general character as the regulation as to the locality in which livery stables might be operated. Such regulation is actually provided for children in the Act of 1911.

Section 1726b is void and unconstitutional because it does not come within the subjects expressed in the title of the act.

The judgment is reversed. *Railey* and *Mozley, CC.,* concur.

PER CURIAM:—The foregoing opinion of WHITE, C., is adopted as the opinion of the court. All of the judges concur.