## ANTONIETTA DeFEO ET UX. v. PEOPLES GAS COMPANY OF NEW JERSEY.

Decided July 26, 1928.

Before GUMMERE, CHIEF JUSTICE, and Justices BLACK and LLOYD.

For the appellant, *Howard L. Miller*.

For the respondents, *Thomas G. Tuso*.

PER CURIAM.

This suit was instituted by DeFeo and his wife to recover compensation for injury to the health of the wife caused by drinking water from their well, which had become polluted by gas escaping from the pipes of the defendant company. The trial resulted in a verdict in favor of the plaintiffs, and the defendant has appealed from the judgment entered thereon.

The first ground urged for reversal is that a nonsuit should have been directed because the statute of limitations is a bar to the suit. The argument in support of this contention is that the averment of the complaint shows that Mrs. DeFeo became ill from drinking this polluted water more than two years prior to the institution of the suit. But this is an inaccurate statement of the averment, which is as follows: "The plaintiff [Mrs. DeFeo], by using the water from said well on or about January 1st, 1923, and thereafter, as a direct consequence of using the said gassed water, became, was and still is diseased," &c. The word "thereafter" extends the beginning period indefinitely, and there is no indication that the terminal period is outside of the statutory limit. Where the tortious act is a continuing one, the fact that it· had its inception prior to the period fixed by the statute does not bar the right of recovery for injuries resulting from that continuation which are within the statutory limits. *Morey* v. *Essex County*, 94 *N. J. L.* 428.

It is next argued that the nonsuit should have been granted because of the absolute failure of proof showing either negligent construction of the defendant's gas pipes or proper care after they were laid. This contention is based upon a misapprehension of the scope of the testimony. There was evidence that the pipes leaked, and that the gas escaped therefrom, killing the vegetation on the premises of the plaintiffs, and polluting the water in the well; that the plaintiffs had called at the office of the defendant company and notified the

person apparently in charge of the existence of these conditions; and that the defendant company took no steps to remedy them. This evidence made the question of liability one to be determined by the jury, and not by the court.

Lastly, it is contended that the motion to nonsuit should have been granted, for the reason that the proofs conclusively showed that the sickness of Mrs. DeFeo was not caused by the drinking of the well water, but by the breathing of the gas. Our examination of the testimony satisfies us that this contention is not justified; in other words, that there was some proof that the water which Mrs. DeFeo drank from time to time was one of the producing causes of her illness.

These are the only questions argued, and for the reasons indicated we conclude that the judgment under review should be affirmed.