Mike LLOYD, Appellant,

v.

MISSOURI PACIFIC RAILROAD COMPANY, Respondent.

No. 60300.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 31, 1992.

Gail Gaus Renshaw, Mark T. McCloskey, Douglas Arthur Forsyth, Wood River, Ill., for appellant.

Edward Cohen, Thomas R. Jayne, St. Louis, for respondent.

CRIST, Judge.

Plaintiff appeals the trial court's grant of summary judgment for Employer in Plaintiff's suit for recovery for occupational hearing loss under the Federal Employers' Liability Act. We affirm.

Missouri Pacific Railroad Company (Employer) employed Plaintiff in approximately 1972. During most of his tenure with Employer, Plaintiff worked as a locomotive engineer. In April 1985, Plaintiff saw a doctor for ear wax removal. The doctor also gave him a hearing test, which revealed that Plaintiff had suffered a hearing loss. The doctor questioned Plaintiff about his exposure to loud noises at work and suggested that Plaintiff utilize some form of hearing protection. Although Plaintiff did not act on this suggestion, Employer began providing ear plugs for its employees within a few weeks of Plaintiff's visit to the doctor.

Employer also tested Plaintiff's hearing, along with that of its other employees, according to Plaintiff's testimony at his deposition. Plaintiff testified he thought this occurred twice. He also testified that Employer sent him a letter saying that Plaintiff's hearing was sufficiently good for employment on the Railroad, but that in some situations he might have difficulty hearing and understanding conversation.

Plaintiff filed suit under the Federal Employers' Liability Act (FELA) on June 27, 1989. On May 3, 1991, the court sustained Employer's Motion for Summary Judgment on the grounds that the suit was untimely filed under FELA, 45 U.S.C. § 56.

Employer initially contends Plaintiff's brief violates Supreme Court Rule 84.04 in that the jurisdictional statement is insufficient, the Statement of Facts is deficient, and the Points Relied On are merely abstract statements of law. We find that while these aspects of Plaintiff's brief could be improved, the brief is "not so totally lacking in conformity to the rule that the harsh action of dismissal should result." *Counts v. Morrison–Knudsen, Inc.*, 663 S.W.2d 357, 364[23] (Mo.App. 1983).

■ Plaintiff's first contention on appeal is that his claim was not barred by the statute of limitations. Plaintiff submits the proposition that in cases of long-term exposure to hazards to hearing, the statute of limitations is tolled until the time of the last exposure to the hazard. In this case, Plaintiff alleges his last exposure to the noise of the railroad engines was within the statutory time period.

FELA cases must be commenced within three years from the date the cause of action accrued. 45 U.S.C. § 56. A discovery rule has evolved to determine the date of accrual in occupational disease

cases brought under FELA. Federal courts have interpreted two United States Supreme Court cases, *Urie v. Thompson*, 337 U.S. 163, 69 S.Ct. 1018, 93 L.Ed. 1282 (1949), and *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979), to mean that an occupational disease claim is deemed to accrue under FELA when the claimant is aware or has reason to be aware that he has been injured and is aware or has reason to be aware of the cause of his injury. *DuBose v. Kansas City Southern Ry. Co.*, 729 F.2d 1026, 1030 (5th Cir.1984), *cert. denied*, 469 U.S. 854, 105 S.Ct. 179, 83 L.Ed.2d 113 (1984); *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 359 (3rd Cir.1986); *Albert v. Maine Central Railroad Company*, 905 F.2d 541, 544 (1st Cir.1990). The trial court relied on this rule to bar Plaintiff's claim as untimely, finding that Plaintiff was aware both of his injury and of its cause more than three years before he filed suit.

Plaintiff relies on *Fletcher v. Union Pacific Ry. Co.*, 621 F.2d 902 (8th Cir.1980), and *Fowkes v. Pennsylvania R. Co.*, 264 F.2d 397 (3rd Cir.1959), to support his argument that the statute was tolled until his last exposure to the hazard. Plaintiff's reliance on *Fletcher* is misplaced. In *Fletcher*, the plaintiff injured his back in 1962. Thereafter, he suffered chronic, severe back problems. However, he continued to perform his job, which required heavy lifting. In 1973, Fletcher's doctor wrote to the railroad recommending that Fletcher be placed on light duty. However, Fletcher was not given light duty until 1975. Fletcher filed suit in 1977, alleging two separate claims. In the first, he sought recovery for the original back injury in 1962. In the second, he sought recovery for negligent assignment to jobs requiring heavy lifting even after the railroad knew of his injury. The court affirmed the dismissal of the first claim on the basis of expiration of the limitations period because Fletcher clearly knew of his injury and its cause many years before he filed suit. *Fletcher*, 621 F.2d at 907. The court reversed the dismissal as to the second count, holding that it constituted a charge of negligence separate and apart from the negligence which gave rise to the original injury. Because the negligent assignment occurred within three years prior to filing suit, this claim was not barred. *Id.* at 908[5].

In the instant case, Plaintiff's claim for any deterioration of his hearing outside the three-year limitations period is clearly comparable to Fletcher's claim for the original injury. *Fletcher* does not support Plaintiff's contention that his claim for his entire injury should not be barred because some exacerbation of the hearing loss occurred within the limitations period.

*Fowkes* is also of no assistance to Plaintiff. In *Fowkes*, the employee developed arthritis in his shoulder due to the use of an air hammer over many years. The jury specifically found that the plaintiff did not know, nor should he have known, of the existence of his injury more than three years before he filed suit. *Fowkes*, 264 F.2d at 398. In *Kichline*, 800 F.2d at 360, the Third Circuit Court of Appeals stated:

> We understand *Fowkes* to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy. This interpretation is supported by *Kubrick*, which requires a plaintiff to take prompt action to seek redress.

In further support of his contention, Plaintiff cites the cases of *Wehrman v. U.S.*, 830 F.2d 1480 (8th Cir.1987), and *Page v. United States*, 729 F.2d 818 (D.C.Cir. 1984). These cases are also inapposite. Plaintiff argues that the Eighth Circuit Court of Appeals ruled in *Wehrman* that the "awareness" rule does not apply to cases involving tortious conduct of a continuing nature. However, *Wehrman* clearly states that it is medical malpractice cases which are the exception to the awareness rule. *Wehrman*, 830 F.2d at 1483 [1, 2]. *Page* is also a medical malpractice case under the Federal Tort Claims Act. Because of the Eighth Circuit's ruling in *Wehrman* that medical malpractice cases

constitute an exception to the general rule, *Page* has no bearing here.

Federal law is clear on the subject of Plaintiff's proposition that the statute of limitations is tolled until his last exposure to the hazard. Under the rule set forth in *Urie* and *Kubrick*, the cause of action accrues for statute of limitations purposes when "a reasonable person knows or in the exercise of reasonable diligence should have known of both the injury and its governing cause." *Fries v. Chicago & Northwestern Transp. Co.*, 909 F.2d 1092, 1095 [1, 2] (7th Cir.1990). We are therefore constrained to hold that FELA's statute of limitations bars Plaintiff's claim for his original injury and any claims for exacerbation of this injury outside the three-year period before Plaintiff filed suit.

█ In Plaintiff's second point on appeal, he contends he is at least entitled to damages for any aggravation of his injuries occurring within three years of his filing suit. Plaintiff relies on the Third Circuit case of *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356 (3rd Cir.1986). The Third Circuit in *Kichline* held that the plaintiff had a cause of action for the aggravation of his condition attributable to the period beginning three years before the filing of his suit, if he could establish the defendant's negligence. Plaintiff's position is not well taken.

In *Fries v. Chicago & Northwestern Transportation Co.*, 909 F.2d 1092 (7th Cir.1990), the Seventh Circuit considered a case very similar to the one at hand. The plaintiff first noticed a decline in his hearing in 1980 or 1981, and began experiencing tinnitus in 1981 or 1982. Although he did not seek medical treatment, the plaintiff could not attribute the hearing loss to any cause other than work. In May 1985, he was diagnosed by a physician as having hearing loss. The plaintiff filed his case in 1987.

In affirming the dismissal of the plaintiff's claim, the Seventh Circuit rejected the plaintiff's suggestion that the deterioration in his condition be treated as a severable cause of action for purposes of the statute of limitations by simply failing to do any-thing about a condition which was known to him. *Id.* at 1096. This result is consistent with the concept that Section 6 of the FELA is not merely a statute of limitations but also goes to the substantive right to recover. *See e.g., Courtney v. Union Pacific Railroad Co.*, 713 F.Supp. 305 (E.D.Ark.1989).

Under the rule set forth by the *Kichline* court, a plaintiff could discover the cause of a medical condition, miss the filing deadline, and then wait for his condition to deteriorate before filing suit to recover for the "aggravation." This is not consistent with the spirit and intent of the discovery rule established in *Urie* and *Kubrick*, and followed by the Eighth Circuit in *Fletcher*. Point denied.

Judgment affirmed.

PUDLOWSKI, P.J., and STEPHAN, J., concur.