28 F.3d 106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
GUSHI BROTHERS COMPANY; Chuji G. Chutaro; Beverly L.
Chutaro, Plaintiffs-Appellees/Cross-Appellants,
v.
BANK OF GUAM, Defendant-Appellant/Cross-Appellee.
 No. 93-16137.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 13, 1994.
Decided July 7, 1994.
 
 Before: FARRIS, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gushi Brothers ("the Chutaros") challenge the district court's grant of the Bank of Guam's ("Bank") post-trial motion for judgment as a matter of law as to their claims for intentional infliction of emotional distress and invasion of privacy. They contest the court's conclusion on the merits and contend that the court erred in allowing the Bank to amend its answer to plead limitations as a defense. The Chutaros also challenge the court's grant of a directed verdict as to their claim for negligent infliction of emotional distress, contending that the court improperly excluded testimony relating to damages Mr. Chutaro incurred due to a stroke. The district court had jurisdiction pursuant to 28 U.S.C. Sec. 1332(d). We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 * The Chutaros argue that the district court erroneously granted the Bank's motion for JNOV on the strength of 29 T.T.Civ.Proc. Sec. 18(d), codifying 6 T.T.C. Sec. 303 (1980), because the Bank's tortious conduct was in the nature of a continuing tort. They also contend that the district court abused its discretion by granting the Bank's motion to amend its answer. We review de novo the grant of a motion for JNOV. Erickson v. Pierce County, 960 F.2d 801, 804 (9th Cir.), cert. denied, 113 S.Ct. 815 (1992); In re Hawaii Federal Asbestos Cases, 960 F.2d 806, 816 (9th Cir.1992). We apply American common law. 1 T.T.C. Sec. 103 (1980).
 
 
 4
 * Under the common law continuing tort doctrine, the plaintiff can bring his or her action against all of the defendant's wrongful conduct as long as tortious conduct occurred during the limitations period. See, e.g., Fowkes v. Pennsylvania R.R., 264 F.2d 397, 399 (3d Cir.1959). This doctrine applies when no single incident in a chain of tortious activity can "fairly or realistically be identified as the cause of significant harm," making it proper to regard the cumulative effect as actionable. Id.
 
 
 5
 The district court properly rejected the Chutaros' continuing tort theory as to both claims. The court correctly identified the events that transpired during the August 1986 meeting as the only plausible factual predicate for both of the Chutaros' claims. These events transpired before the applicable limitations period began to run.[1] The application of the continuing tort doctrine as to the Chutaros' invasion of privacy claim could, thus, be sustained only on a "looming threat" of an invasion of privacy theory. This theory does not state a cognizable claim in any common law jurisdiction. See Prosser & Keeton, The Law of Torts, Sec. 117 (5th ed. 1984). As to the Chutaros' intentional infliction of emotional distress claim, the district court properly relied on the reasoning in Perkins v. Nash, 697 F.Supp. 527 (D.D.C.1988) to reject their continuing tort theory.[2] As noted by the Perkins court, applying the continuous tort doctrine under these circumstances would effectively defeat any sense of repose in all long-term business relations. Id. at 533.[3]
 
 B
 
 6
 Fed.R.Civ.P. 15(a) provides that leave to amend shall be freely given when justice so requires. We apply this policy with extreme liberality. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir.1987). The Chutaros have not established that there was undue delay, bad faith, futility of amendment or unfair prejudice; the district court acted within its discretion.
 
 II
 
 7
 The Chutaros challenge the district court's directed verdict for the Bank as to their negligent infliction of emotional distress claim. They contend that the court erred in concluding that they presented no competent evidence of physical injury resulting from the Bank's actions, specifically challenging the court's exclusion of Mr. Chutaro's testimony concerning his condition before and after the August meeting and of medical bills incurred by him as a result of his stroke.
 
 
 8
 This argument is without merit. After determining that the Chutaros did not intend to present expert testimony to establish a causal relationship between any deterioration suffered by Mr. Chutaro and the comments made by Leon Guerrero at the August meeting, the court determined that further inquiry along this line was more unfairly prejudicial than probative under a Fed.R.Evid. 403 balancing. This conclusion comports with governing common law principles regarding the admission of non-expert opinion. See e.g., United States v. Tsinnijinnie, 601 F.2d 1035, 1040 (9th Cir.), cert. denied, 445 U.S. 966 (1979). None of the events preceding the August meeting can even arguably be classified as tortious.[4] Absent expert testimony linking Mr. Chutaro's deterioration after the August meeting to any of the Bank's conduct, proximate cause simply could not be established. The Chutaros' contrary authority is inapposite. See Prosser, Law of Torts Sec. 42, at 199 (2nd ed.) (res ipsa loquitur is applied only when the event does not ordinarily occur absent negligence and when other causes have been eliminated).
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 With two exceptions, the conduct cited by the Chutaros in their brief to support their continuing tort theory occurred before the limitations period began to run on November 10, 1986. On November 12 and December 8, 1986, the Bank deducted its legal expenses from the Chutaros' account. In April 1987, the Bank refused to permit the Chutaros to pay off a sight draft until the loan balance was paid in full
 
 
 [2]
 The Chutaros' reliance on Citibank v. Suthers, 418 N.Y.S.2d 679, 682 (N.Y.1979) is misplaced. Suthers concerns an application of the "continuous treatment doctrine" which applies only to continuing relationships of trust or cooperation such as between attorneys and clients or doctors and patients. See Union Carbide & Carbide Corp. v. Stapleton, 237 F.2d 229 (6th Cir.1956)
 
 
 [3]
 In light of our conclusion, any error relating to the exclusion of the deposition of branch manager Droteo Espangel was necessarily harmless
 
 
 [4]
 The only event the Chutaros attempted to link to the initial incidence of the stroke was the Bank's failure to expedite their loan application