**Geoffrey Willard ATWELL, Appellant**

v.

**Mark S. SCHWEIKER; Edward G. Rendell; Judith B. Selvey; Sarah Hart, Pennsylvania Department of Corrections Chief Counsel; Randy Sears, Pennsylvania Department of Corrections Deputy Chief Counsel; Michael Farnan, Pennsylvania Department of Corretions Assistant Chief Counsel; Thomas Corbett, Jr.; James O. Thomas, Jr.; Gregory R. Neuhauser; R. Douglas Sherman; Robert A. Greevy and Attorney General D. Michael Fisher.**

No. 09–2329.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Sept. 17, 2009.

Opinion filed: Sept. 29, 2009.

---

Geoffrey Willard Atwell, Akron, PA, pro se.

John G. French, Esq., Howard G. Hopkirk, Esq., Office of Attorney General of Pennsylvania, Harrisburg, PA, for Defendants–Appellees.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Geoffrey Atwell appeals the District Court's order granting appellees' motion to dismiss his complaint. For the reasons below, we will affirm.

The procedural history of this case and the details of Atwell's claims are well known to the parties and need not be discussed at length. Briefly, Atwell filed a complaint pursuant to 42 U.S.C. § 1983 alleging that appellees failed to investigate his claims that he was being held past the expiration of his maximum sentence. The District Court concluded that Atwell's claims were barred by *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and by the statute of limitations. Atwell filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We need not address whether the complaint is barred by *Heck* because we agree with the District Court that it was untimely. Claims brought pursuant to 42 U.S.C. § 1983 are subject to the state statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266–67, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985). In Pennsylvania, the statute of limitations for a personal injury action is two years. 42 Pa.C.S.A. § 5524. A cause of action accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action. *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

Atwell argues that his sentence should have expired on October 19, 2002. In his opposition to the appellees' motion to dismiss, Atwell argued that his complaint was timely because he had to exhaust the prison administrative grievance process. In a grievance response dated January 9, 2003, a prison official explained the calculation of the sentences and informed Atwell that the maximum expiration date of his sentences was May 22, 2004. The Acting Chief Grievance Coordinator denied the final review of that grievance on June 20, 2003.

Thus, by June 2003, Atwell had finished exhausting his administrative remedies and knew that prison officials had calculated the maximum expiration date of his sentences to be May 22, 2004. His complaint, postmarked on May 20, 2006, was filed beyond the two-year statute of limitations.

Atwell argues that his complaint was timely filed within two years of his release from prison on May 22, 2004. Because Atwell knew of his alleged injury at the time it was inflicted, the continuing wrong theory does not apply. *See Barnes v. American Tobacco Co.*, 161 F.3d 127, 154 (3d Cir.1998) ("We understand *Fowkes[v. Pennsylvania R.R. Co.*, 264 F.2d 397 (3d Cir.1959) ] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") *(quoting Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 360 (3d Cir. 1986)).

Summary action is appropriate if there is no substantial question presented in the appeal. *See* Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. *See* Third Circuit I.O.P. 10.6.