**Barnes v. Delaware and Hudson Railway Inc.**

*Jerry Martilotti,* for plaintiff.
*J. Lawson Johnston,* for defendant.

MINORA, *J.,* October 10, 2012—The issue before the court is the defendant's Delaware and Hudson Railway Inc. d/b/a Canadian Railway a/k/a Rail System (herein after defendant) motion for summary judgment.

## HISTORY OF THE CASE

This case arises from plaintiff's allegations that he was injured on the job while working as an engineer for defendant. Plaintiff alleges that as a result of these injuries he suffered repetitive stress damage to his cervical, thoracic and lumbar spine. These stress disorders were caused by plaintiff's need to repeatedly walk on uneven ground on the rail yard, on ballasts, on rail cars, being exposed to the constant vibrations of rail equipment, being provided with inadequate seating, and ascending and descending ladders on rail cars. According to plaintiff, since plaintiff's work, and defendant's industry are in furtherance of interstate commerce, his cause of action arises under the federal employers' liability act, 45 U.S.C. §51 et seq.

On March 5, 2012, defendants filed a motion for summary judgment and brief in support of their motion. On March 28, 2012, plaintiff filed a response to defendant's motion for summary judgment and a memorandum in opposition.

Defendant's Delaware and Hudson Railway Inc. d/b/a Canadian Railway a/k/a Rail System's motion for summary judgment is now ripe for disposition.

## DISCUSSION

Defendant has raised three (3) issues in their motion for summary judgment. These issues are: 1) Whether the plaintiff has filed his claim within the applicable three year statute of limitations; 2) Whether the plaintiff can offer evidence in support of his future wage loss claim; and 3) Whether plaintiff will be able to offer evidence that his claim of walking on uneven ballast or exposure to

excessive vibrations constitute negligence on the part of defendant or that they caused his alleged injuries?

Plaintiff has withdrawn any claims of wage loss or loss of earning capacity. Therefore summary judgment is no longer necessary as to that issue. The only remaining issues to be decided are: whether the plaintiff has filed his claim within the three year statute of limitations, and whether plaintiff can sustain a cause of action for negligence based upon exposure to excessive vibrations and walking on uneven ballast during his employment?

## SUMMARY JUDGMENT STANDARD

A motion for summary judgment is governed by Pa. R.C.P. 1035.2 which states, in pertinent part:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law:

(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or;

(2) If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

When deciding a motion for summary judgment, the rules require that there be no genuine issues of material

fact and that the moving party be entitled to judgment as a matter of law. *Summers v. Certainteed Corp.*, 997 A.2d 1152, 1159 (Pa. 2010). A material fact is one that directly affects the outcome of the case. *Kuney v. Benjamin Franklin Clinic*, 751 A.2d 662, 664 (Pa. Super. 2000). A proper grant of summary judgment depends upon an evidentiary record that either: 1) shows that the material facts are undisputed; or 2) contains insufficient facts to make out a prima facie cause of action or defense and therefore, there is no issue to submit to jury. *Gateway Towers Condominium Ass'n v. Krohn*, 845 A.2d 855, 858 (Pa.Super., 2004); See also Pa.R.C.P. 1035.2. For purposes of a summary judgment motion, a nonmoving party may not rely merely upon allegations in pleadings, but must set forth specific facts by way of affidavit or in some other way to demonstrate that genuine issue of material fact exists. *Banks v. Trustees of University of Pennsylvania*, 666 A.2d 329 (Pa. Superior 1995); See also Pa.R.C.P. 1035.2.

However, "summary judgment is to be entered only in the clearest of cases where there is not the slightest doubt as to the absence of a triable issue of material fact." *Northern Tier Solid Waste Authority v. Com., Dept. of Revenue*, 860 A.2d 1173, 1182 (Pa. Cmwlth. 2004). When considering the facts at issue, said facts must be interpreted in the light most favorable to the non-moving party, and any doubt as to whether a genuine issue of material fact exists is required to be resolved against the party seeking summary judgment. *Summers v. Certainteed Corp.*, supra at 1159. "Finally, the court may grant summary judgment only where the right to such a judgment is clear and free from doubt." *Id.*

However, the standards relating to the grant or denial of

summary judgment under FELA are more liberal than the traditional common law analysis. The plaintiff's burden of proof in a FELA case is less than in a negligence case. *Lisek v. Norfolk and W. Ry. Co.*, 80 F.3d 823, 832 (7th Cir.1994). The railroad is liable if "the proofs justify with reason the conclusion that employer negligence played any part, even the slightest in producing the injury ..." *Id.* Accordingly, a plaintiff can survive a summary judgment motion "when there is even slight evidence of negligence." *Id.* However, "a FELA plaintiff is not impervious to summary judgment," and the court may properly grant the railroad's summary judgment motion where "the plaintiff presents no evidence whatsoever to support the inference of negligence." *Id.* "To establish that a railroad breached its duty to provide a safe workplace, the plaintiff must show circumstances which a reasonable person would foresee as creating a potential for harm." *McGinn v. Burlington N.R.R. Co.*, 102 F.3d 295, 300 (7th Cir.1996). To establish such foreseeability, a plaintiff must show that the employer had actual or constructive notice of those harmful circumstances." *Holbrook v. Norfolk S. Ry. Co.*, 414 F.3d 739, 742 (7th Cir.2005).

## LEGAL ANALYSIS

Whether Richard Barnes' claim is barred by the applicable statute of limitations?

In its motion for summary judgment, defendant alleges that plaintiff has failed to bring his claim within the statute of limitations under the Federal Employees Liability Act (FELA). Pursuant to FELA, the plaintiff has three years from the day the cause of action accrued to maintain an action. 45 U.S.C.A. §56. Compliance with 45 U.S.C.

§56 is a condition precedent to an injured employee's recovery in a FELA action. *Pfahler v. Consolidated Rail Corp.*, Pa. Super. 36, 537 A.2d 36, 369 (1988). Typically, for a traumatic injury the cause of action accrues on the day the injury is sustained, even though the full extent or seriousness of the injury is not ascertained until a later date. *Snyder v. Penn Cent. Transp. Co.*, Pa. Super. 69, 442 A.2d 300 (1982). However, the United States Supreme Court declared in *Reading Co. v. Koons*, 271 U.S. 58 (1926), that the word "accrued," as used in the statute, does not have any definite technical meaning and must be interpreted in the light of the statute's general purposes and its other provisions, and with due regard for the practical ends to be served by any statue of limitations. A number of cases have held that an employee's cause of action under FELA for an injury or disability which is not manifest at the time of its inception does not accrue, within the meaning of §56, until the injury or disability manifests itself. In *Urie v. Thompson*, 337 U.S. 163 (1949), it was held that the cause of action accrued, within the meaning of §56, when the accumulated effects of the deleterious substance manifested themselves. Therefore, where an injury results from continual exposure to a harmful condition over a period of time, a plaintiff's cause of action accrues when the injury becomes apparent. *McCain v. CSX Transp., Inc.*, 708 F.Supp.2d 494, 498 (E.D. Pa. 2010).

In *Fowkes v. Pennsylvania R. Co.*, 264 F.2d 397 (1959), where a railroad boilermaker's injuries could not be attributed to a single instance, the court expressly permitted the question whether, under the doctrine of the *Urie* case, the cause of action did not accrue until the boilermaker knew or should have known that the injurious condition

had developed. As seen in *Fowkes*, the most difficult cases in which to determine when the cause of action accrues, for purposes of the FELA's three-year limitation period, are when the employee is injured over a period of time as the result of exposure to chronic unsafe workplace conditions. However, because of the various facts that must be taken into account, accrual of a cause of action in occupational disease cases almost always is a question for the jury. *Dubois v. Kansas City Southern Ry. Co.*, 729 F.2d 1026 (5th Cir. 1984). Because compliance with the limitation is regarded as an element of a FELA cause of action, it is generally recognized that the plaintiff has the initial burden of proving institution of the suit within three years. But if reasonable persons can differ regarding when a plaintiff knew, or should have known, that an injury was caused by railroad working conditions, the question of accrual is uniquely for the jury. *Gay v. Norfolk and Western Ry. Co.*, 438 S.E.2d 216 (1997). Finally, de minimus aches and pains generally will not trigger statute of limitation accrual. *Green v. CSX Transp., Inc.*, 414 F.3d 758 (7th Cir. 2005).

Since plaintiff's complaint was filed on December 5, 2005, and plaintiff must therefore demonstrate that he was not aware of the existence of his claim or work-related injuries until, on, or after December 5, 2002. Defendant alleges that plaintiff's deposition testimony medical records as well as his wife's deposition testimony demonstrate that he was aware or should have been aware of the onset of his injuries before December 5, 2002, more than three years before filing his complaint. In contrast, Plaintiff refers to his depositions in claiming that although he occasionally felt pain in his back, which occurred after

certain activities pertaining to his employment, he did not believe that there was a long term problem manifesting as a result. Plaintiff's awareness of his injuries and their cause is a factual question at issue. Plaintiff is entitled to have a jury decide whether and when a reasonable person in his circumstances should have realized that he had suffered more than de minimis injuries, but rather cumulative injuries to his back, and that the injury was work related. Accordingly, defendant's motion for summary judgment as to the statute of limitations under FELA is denied.

Whether plaintiff's claims of uneven ballast and excessive vibration are unsupported by the evidence?

In its motion for summary judgment, defendant alleges that plaintiff has failed to provide support for his claims of uneven walking surface or excessive vibrations constituting evidence of negligence and/or the cause of his alleged injuries. Defendant avers that plaintiff cannot satisfy his burden with respect to the element of causation in order to support a claim of negligence in regards to the alleged vibrations and uneven walking surfaces. In the typical negligence case, whether the plaintiff has shown by a preponderance of the evidence that the standard has been met with respect to the element of causation is normally a question of fact for the jury. *Vernon v. Stash*, 532 A.2d 441, 446, 367 Pa.Super. 36, 46 (1987); quoting *Hamil v. Bashline*, 481 Pa. 256, 265 - 266, 392 A.2d 1280, 1284-85 (Pa. 1978). In establishing a prima facie case, the plaintiff need not exclude every possible explanation, it is enough that reasonable minds are able to conclude that the preponderance of the evidence shows defendant's conduct to have been a substantial cause of the harm to plaintiff. *Id.* However, in a FELA case, a trial judge must submit

the case to the jury when there is even slight evidence of negligence. *Wilson v. Chicago. Milw., St. Paul, and Pacific R. Co.*, 841 F.2d 1347 (1988). This more lenient standard for avoiding summary judgment under FELA merely mirrors the plaintiff oriented slant of the substantive law. The right to a jury determination is part and parcel of the liberal remedy afforded the working person under FELA. *Johnson v. Fankell*, 117 S.Ct. 1800, 1806, 520 U.S. 911, 921 (1997).

Here the plaintiff did submit evidence through his expert, Ms. Smith, who performed a site inspection and found the above conditions in the work place, and Dr. Bednarz who found these work exposures to be a cause of plaintiff's repetitive stress injury. Considering this evidence in the light most favorable to the non-moving party together with both parties' arguments and other submissions, a question of fact suitable for jury determination that has been properly raised. The issue remains whether excessive vibrations and uneven walking surface were a sufficient cause of plaintiff's injuries and, in turn, whether defendant's negligence in allowing such conditions to exist thus warrants liability. Since plaintiff has presented enough evidence for there to remain a factual question on liability appropriate for a jury's determination, defendant's motion for summary judgment is hereby denied.

An appropriate order follows.

## ORDER

And now, October 10, 2012, it is hereby ordered that defendant's Delaware and Hudson Railway Inc. d/b/a Canadian Railway a/k/a Rail System's motion for summary judgment is denied and dismissed.