**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3520
_____

RAVANNA SPENCER,

Appellant

v.

LANCE COURTIER; SECRETARY PENNSYLVANIA
DEPARTMENT OF CORRECTIONS; DONALD KELCHNER;
DEPUTY DAVID PATTON; TERESA LAW; RICHARD
SOUTHERS; EDWARD KALSKY; MARILYN S. BROOKS; JOYCE
WILKES; RONALD BRYANT; MAJOR GIDDENS; MAJOR AUBEI;
PATTY MCKISSOCK; DR. FRED MAUE; WILLIAM STICKMAN;
JOHN SHAFFER; EUGENE POLMUELLER; KURT SUESSER;
SCOTT WHALING

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-11-cv-02268)
Magistrate Judge:  Honorable Thomas M. Blewitt

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 30, 2013

Before:  FUENTES, GREENBERG and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 14, 2014)

_____

OPINION

_____

PER CURIAM

Ravanna Spencer appeals the District Court's orders granting Appellees' motions for summary judgment. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Spencer's claims are well known to the parties, set forth in the District Court's memorandum order, and need not be discussed at length. In his complaint, Spencer argued that his placement in the Special Management Unit (SMU) in prison was unconstitutional because it exacerbated his mental health problems. He also complained of the conditions in the SMU. The District Court granted the Appellees' motions for summary judgment. Spencer filed a notice of appeal. We have jurisdiction under 28 U.S.C. § 1291.

Statute of Limitations

Appellees argue that Spencer's claims are barred by the statute of limitations. The statute of limitations for claims under 42 U.S.C. § 1983 is two years. See Sameric Corp. of Del. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Spencer dated his complaint May 24, 2009. Thus, any act by Appellees occurring before May 24, 2007, is barred by the statute of limitations. In his complaint, Spencer does not allege any act by any Appellee that falls within the statute of limitations.

2

Spencer argues, and the District Court agreed, that his claims were timely under the continuing violations theory. We disagree. The continuing violations doctrine is an equitable exception to the statute of limitations. If a defendant's conduct constitutes a continuing practice, the entire claim may be timely if the last act of the practice falls within the statute of limitations. Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). The continuing violations theory focuses on affirmative acts of the defendants. Id. at 293. We consider three factors in determining whether the defendant's conduct was more than isolated or sporadic acts: (1) the subject matter; (2) the frequency; and (3) the degree of permanence. Id. at 292.

In considering the subject matter, we look at whether the violations constitute the same type of violation. Here, Spencer challenged his placement in the SMU, the lack of psychiatric treatment, and the conditions of confinement, which we conclude are of a similar subject matter. As for frequency, Spencer alleged in his complaint that he was placed in the SMU in January 2006, denied medication in April and October 2006, and denied medication in January 2007.[1] These acts were months apart.

The degree of permanence is the most important factor. Id. The relevant question is "whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate." Id.

---

[1] While he also makes undated allegations regarding the conditions of confinement, he does not point to any affirmative acts by any defendant as causing those conditions.

Spencer's placement in SMU had a degree of permanence because normally, an inmate does not leave the SMU until he progresses through the levels of the program and earns his release. Spencer knew of the alleged exacerbation of his mental health problems as early as May 2006 when he filed a similar civil rights complaint against many of the same defendants challenging his placement and treatment in the SMU, see Spencer v. Maxwell, M.D. Pa. Civ. No. 06-cv1099, and in October 2006 when he grieved the issue. See also Barnes v. Am. Tobacco Co., 161 F.3d 127, 154 (3d Cir. 1998) ("We understand Fowkes[v. Pennsylvania R.R. Co., 264 F.2d 397 (3d Cir. 1959)] to mean that continuing conduct of defendant will not stop the ticking of the limitations clock begun when plaintiff obtained requisite information. On discovering an injury and its cause, a claimant must choose to sue or forego that remedy.") (quoting Kichline v. Consol. Rail Corp., 800 F. 2d 356, 360 (3d Cir. 1986)). Spencer filed the instant complaint a few weeks after summary judgment was granted against him in Spencer v. Maxwell. It is clear he was aware of his claims and could have brought them in a timely manner.

We conclude that the continuing violations theory is not applicable here, and any allegations dated before May 24, 2007, are time-barred. Even if application of the continuing violations doctrine was appropriate, Spencer has not alleged any affirmative acts by the Appellees within the statute of limitations. Furthermore, even if his claims were timely, they are without merit as discussed below.

4

Deliberate Indifference

The crux of Spencer's complaint is that Appellees were indifferent to his serious medical needs by placing him in the SMU and denying him treatment. Prison officials cannot be held to be deliberately indifferent merely because they did not respond to the medical complaints of a prisoner who was already being treated by the prison medical staff. Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993). "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official . . . will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Spencer has not shown any genuine issue of material fact concerning whether the non-medical Appellees had a reason to believe the medical staff were not treating him properly. Medical professionals determined that Spencer was not suffering from any condition which would preclude SMU placement. According to the medical records and other exhibits, Spencer was seen in 2006 by the medical staff on January 11th, January 24th, several times in April, July 28th, August 25th, and September 4th. He refused visits on January 23rd and February 14th. While Spencer alleges that the staff failed to provide treatment, he did not allege any specific occasion where he requested to speak with medical staff and was denied.

As for the medical staff, Spencer has not shown any genuine issue of material fact exists with respect to whether the medical staff's alleged failure to diagnose him with serious mental illness was deliberately indifferent as opposed to merely negligent or a

5

difference of opinion. With respect to medical decisions, "prison authorities are accorded considerable latitude in the diagnosis and treatment of prisoners." Durmer, 991 F.2d at 67. A federal court will "disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment . . . (which) remains a question of sound professional judgment." Inmates of Allegheny Cnty. Jail v. Pierce, 612 F.2d 754, 762 (3d Cir. 1979) (citation omitted).

In his counseled response to Appellees' second motion for summary judgment, Spencer argued that he was diagnosed with depressive order not otherwise specified, adjustment disorder, bipolar disorder, and insomnia. According to the medical records Spencer submitted, his depressive disorder was in remission. He also points to notations on a "Transfer Health Information" form that he suffered from "depression" but these forms do not identify the source of this information. His diagnosis of *acute* adjustment disorder on July 15, 2005, was considered resolved three days later on July 18th. While Spencer cited to page 12 of his medical records to support a diagnosis of bipolar disorder, we see no such diagnosis. There is a reference to "borderline PD" and "ASPD/BPD," which we presume to refer to antisocial personality disorder and borderline personality disorder and not bipolar disorder.[2] In March 2008, the doctor stated in a note "malingering, no clear evidence of psychosis or thought disorder." The diagnosis found consistently throughout Spencer's medical records is that of Antisocial Personality

---

[2] Even if Spencer did have a diagnosis of bipolar disorder, it would not change our analysis.

6

Disorder. Appellees state that there is no cure for this disorder, and Spencer does not describe any necessary treatment. The doctors who evaluated him after his suicide attempts considered his actions to be manipulative gestures aimed at being removed from the SMU.

### Dismissal of RA and ADA claims

Spencer argues that his placement and treatment in the SMU violated the Americans with Disabilities Act (ADA) and the Rehabilitation Act (RA). Under the ADA, no qualified individual with a disability may be excluded from participation in the programs of a public entity by reason of his disability. 42 U.S.C. § 12132. The standard for liability under the RA is the same. Bowers v. Nat'l Collegiate Athletic Ass'n, 475 F.3d 524, 535 n.12 (3d Cir. 2007).

Even if Spencer could show that he had a qualifying disability, he has not shown that he was excluded from any program at the prison on account of any purported disability. Rather, he sought to be excused from participation in the SMU program. Moreover, Spencer was placed in the SMU based on his history of violent, disruptive behavior and misconducts—he received 58 misconduct charges during his two and a half years at SCI-Albion—and not on the basis of any mental health disability. Because Spencer cannot show that he was denied participation in any program based on any alleged disability, his RA and ADA claims fail.

In his complaint, Spencer claimed that Appellee Law violated the Pennsylvania Mental Health Procedures Act by denying him a psychological evaluation. However, as

7

noted above, Spencer was seen by the medical staff during his time in the SMU and does not allege any specific occasion where he was denied treatment.

The second motion for summary judgment

Spencer argues that the District Court erred in allowing Appellees to file a second motion for summary judgment and granting that motion on the basis of qualified immunity. Because we do not reach the issue of qualified immunity, we need not decide whether the District Court abused its discretion in allowing a second motion for summary judgment.

For the above reasons, as well as those set forth by the District Court, we will affirm the District Court's judgment. Appellant's motion for leave to file his reply brief out of time is granted.