NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

OCT 15 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

MICHAEL RUAN,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA,

Defendant-Appellee.

No.   19-55602

D.C. No.
5:18-cv-00889-VAP-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted October 8, 2020[**]
Pasadena, California

Before:  M. SMITH and LEE, Circuit Judges, and CARDONE,[***] District Judge.

Appellant asks us to reverse the district court's grant of the Government's

Rule 12(b)(1) Motion to Dismiss, as well as the district court's denial of Appellant's

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

request for leave to file a fourth amended complaint. Because the parties are familiar with the facts, we do not recite them here. We have jurisdiction under 28 U.S.C. §§ 1291 and 1294.

1.      As an initial matter, Appellant argues that the district court should not have resolved factual disputes because the jurisdictional issues are intertwined with the merits of Appellant's claims. But the district court did not resolve any factual disputes. The district court's analysis was based on the allegations in Appellant's Third Amended Complaint, as well as undisputed facts regarding the April 26, 2016 incident, as set out in evidence submitted by both parties. Even where jurisdictional and merits issues are intertwined, a district court may consider "undisputed facts in the record" in order to adjudicate a Rule 12(b)(1) motion that mounts a factual attack on subject-matter jurisdiction. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987); *see also Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1040 (9th Cir. 2004) (finding the jurisdictional and merits issues intermeshed and so reviewing the district court's 12(b)(1) dismissal under a summary judgment standard). Accordingly, the district court properly considered the question of its jurisdiction on the basis of undisputed facts alone, regardless of whether the jurisdictional and merits issues are intertwined. *See Safe Air*, 373 F.3d at 1039.

2.      Appellant next argues that the district court incorrectly concluded that the applicable two-year statute of limitations began to run on April 26, 2016, making his

claims—originally filed on April 27, 2018—untimely. This Court reviews de novo the district court's conclusion that it lacked subject-matter jurisdiction because Appellant's claim was not timely filed. *Sexton v. NDEX West, LLC*, 713 F.3d 533, 536 (9th Cir. 2013) (citing *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)).

The Suits in Admiralty Act (the "SAA") waives the sovereign immunity of the United States in maritime suits, subject to a two-year statute of limitations that is jurisdictional in nature. *See* 46 U.S.C. § 30905; *Smith v. United States*, 873 F.2d 218, 221 (9th Cir. 1989) (citing *McMahon v. United States*, 342 U.S. 25, 27 (1951); *T.J. Falgout Boats, Inc. v. United States*, 508 F.2d 855, 858 (9th Cir. 1974), *cert. denied*, 421 U.S. 1000 (1975); *Roberts v. United States*, 498 F.2d 520, 526 (9th Cir.), *cert. denied*, 419 U.S. 1070 (1974)). The statute of limitations under the SAA is computed "from the date of injury." *Williams v. United States*, 711 F.2d 893, 898 (9th Cir. 1983) (citing *McMahon*, 342 U.S. at 27).

It is undisputed that Appellant first injured his finger on April 26, 2016. He did not file suit until two years and one day later, on April 27, 2018. Accordingly, the suit was untimely filed and must be dismissed for lack of subject-matter jurisdiction. *See Williams*, 711 F.2d at 898 (citing *McMahon*, 342 U.S. at 25, 27); *Smith*, 873 F.2d at 221.

3

Because the undisputed facts demonstrate that Appellant has not carried his burden to show, by a preponderance of the evidence, that his suit was timely filed, the district court properly granted the Government's Rule 12(b)(1) Motion to Dismiss. *See Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

3.     Lastly, Appellant argues that the district court erred by denying him leave to file a fourth amended complaint. The Court reviews the denial of leave to amend for abuse of discretion. *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 949 (9th Cir. 2020) (citing *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)). A "district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Cal. for Renewable Energy v. Cal. Pub. Util. Comm'n*, 922 F.3d 929, 935 (9th Cir. 2019) (quoting *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)).

Appellant argues that, if given leave to amend, he could state timely claims for negligent assignment and maintenance and cure because the statutes of limitations on those claims did not begin to run until May 11, 2016. But, just like the Jones Act and unseaworthiness claims in Appellant's Third Amended Complaint, the statute of limitations for a maintenance and cure claim brought against the United States under the SAA runs from the time of injury. *McMahon*, 342 U.S. at 27; *H-10 Water Taxi Co. v. United States*, 379 F.2d 963, 964–65 (9th

4

Cir. 1967) (citing *United N.Y. Sandy Hook Pilots' Ass'n v. United States*, 355 F.2d 189 (2d Cir. 1965)). For the same reason that the Jones Act and unseaworthiness claims were untimely, a maintenance and cure claim would also be untimely and subject to dismissal. *See McMahon*, 342 U.S. at 25–27. Therefore, it would be futile to allow Appellant to add a maintenance and cure claim to the suit, and as to that claim, the district court properly denied leave to amend. *See Cal. for Renewable Energy*, 922 F.3d at 935 (citing *Saul*, 928 F.2d at 843).

Appellant also argues that he should be granted leave to amend to state a negligent assignment claim. In support of the viability of a negligent assignment claim, Appellant relies on *Fletcher v. Union Pac. R.R. Co.*, 621 F.2d 902 (8th Cir. 1980), a Federal Employers' Liability Act ("FELA") case. The "entire judicially developed doctrine of liability" under FELA is applicable to maritime law claims under the Jones Act. *Kernan v. Am. Dredging Co.*, 355 U.S. 426, 439 (1958); *In re Marine Asbestos Cases*, 265 F.3d 861, 867 (9th Cir. 2001) (citing *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 770 (9th Cir. 1981)).

But the weight of authority indicates that the discovery rule precludes the application of negligent assignment and other continuing tort theories in the FELA context—and, by extension, in the maritime context. *Mix v. Del. & Hudson Ry. Co.*, 345 F.3d 82, 88–89 & n.2 (2d Cir. 2003) (criticizing *Fletcher* as wrongly decided); *Matson v. Burlington N. Santa Fe R.R.*, 240 F.3d 1233, 1237–38 (10th Cir. 2001)

(same); *Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578, 581, 583–84 (6th Cir. 2000) ("The discovery rule applies even if the injury was later worsened by the same employer."); *Kichline v. Consol. Rail Corp.*, 800 F.2d 356, 359–60 (3d Cir. 1986) (disavowing *Fletcher's* interpretation of *Fowkes v. Pa. R.R. Co.*, 264 F.2d 397 (3d Cir. 1959), a case referenced by the *Fletcher* court in support of its application of the negligent assignment theory).

Further, even if negligent assignment or other continuing tort theories might be available in some Jones Act cases, they are inapplicable in this case, where Appellant suffered a discrete, traumatic injury. *See Fletcher*, 621 F.2d at 908; *Fowkes*, 264 F.2d at 399. Therefore, it would be futile to allow Appellant to assert a negligent assignment claim, and the district court properly denied leave to amend. *See Cal. for Renewable Energy*, 922 F.3d at 935 (citing *Saul*, 928 F.2d at 843).

**AFFIRMED.**